## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

FILED BY _____ D.C.

JUN 16 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

| | |
|---|---|
| SAMUEL J. ELIAS, | Case No. _____ |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| EQUIFAX INFORMATION SERVICES LLC, | |
| Defendant. | |

## COMPLAINT

Plaintiff Samuel J. Elias ("Plaintiff"), appearing pro se, brings this action against Defendant Equifax Information Services LLC ("Equifax" or "Defendant"), and in support alleges as follows:

## I. NATURE OF THE ACTION

1. This is a civil action for damages brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA").

2. Congress enacted the FCRA to ensure that consumer reporting agencies adopt reasonable procedures that are fair and equitable to the consumer with regard to the accuracy of consumer information, and to require those agencies to conduct a reasonable reinvestigation when a consumer disputes the completeness or accuracy of information in the consumer's file.

3. Equifax reported, and continues to report, credit information about Plaintiff that is inaccurate, incomplete, internally contradictory, and unverifiable. Plaintiff disputed that information in writing. Equifax failed to conduct a reasonable reinvestigation, returned the disputed items as "verified" without correcting plainly inaccurate data, and then failed to provide Plaintiff with a description of the procedure it used to determine the accuracy of the disputed information, even after Plaintiff specifically requested that description in writing.

4. Plaintiff brings claims for willful and negligent violations of 15 U.S.C. § 1681e(b), 15 U.S.C. § 1681i(a)(1), and 15 U.S.C. § 1681i(a)(6) and (a)(7), and seeks actual damages, statutory damages, punitive damages, and costs and attorney fees under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## II. JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, and under 15 U.S.C. § 1681p, which confers jurisdiction on the district courts of the United States to enforce liability created under the FCRA.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, a substantial part of the events and omissions giving rise to the claims occurred in this District, and Defendant regularly conducts business in this District.

### III. PARTIES

7. Plaintiff Samuel J. Elias is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c). Plaintiff resides in North Miami, Miami-Dade County, Florida.

8. Defendant Equifax Information Services LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Equifax is a Georgia limited liability company with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax regularly assembles and evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and it conducts business throughout the United States, including within this District. Equifax maintains a consumer dispute address at P.O. Box 740256, Atlanta, Georgia 30374.

## IV. FACTUAL ALLEGATIONS

### A. Equifax Reported Inaccurate and Internally Contradictory Information.

9. Equifax prepared and maintained a consumer file and consumer reports concerning Plaintiff that contained the inaccurate, incomplete, and contradictory information described below.

10. Navy Federal Credit Union auto loan. Equifax reported a Navy Federal Credit Union automobile loan account as having been charged off in the amount of $67,865, while at the same time reporting a balance and a past due amount of $67,860 on the very same account. These two figures conflict with one another as to the same account, and the discrepancy indicates that the reported amounts are unreliable. Equifax also reported the account as charged off while simultaneously reporting a monthly past due amount on the same account. Taken together with the conflicting dollar figures, the simultaneous presentation of these statuses renders the tradeline inaccurate or materially misleading as to the true status and amount of the obligation.

11. Duplicate reporting of a single debt. Equifax reported a single debt of $696 originating with Transportation Alliance Bank as two separate derogatory entries. The first entry appeared as a charged off Mission Lane account associated with TAB Bank. The second entry appeared as a separate collection account placed with Portfolio Recovery Associates that bore the same account number sequence

beginning with 431503 and identified the same original creditor. The result was that one debt of $696 was reported twice and counted twice against Plaintiff, overstating the number of derogatory accounts in Plaintiff's file.

12. Westlake Financial Services auto loan. Equifax reported a Westlake Financial Services automobile loan with a balance and past due amount of $36,251, an amount that exceeds the reported original loan balance of $33,445. The reported balance is internally inconsistent with the reported origination figure and was reported without adequate substantiation.

13. Merrick Bank secured card. Equifax reported a Merrick Bank secured credit card account as charged off while simultaneously reporting an escalating monthly past due balance on the same account, and reported a high balance of $1,402 that exceeds the reported credit limit of $1,300. A reported balance that exceeds the credit limit, combined with the simultaneous reporting of a charge off and an increasing past due figure, is internally inconsistent and materially misleading.

14. Capital One accounts. Equifax reported Capital One credit card accounts with high balances that exceed the stated credit limits on those accounts, an inconsistency apparent from the face of the tradelines.

15. OneMain account. Equifax reported a OneMain account as closed with a written off amount of $14,502, an amount that exceeds the reported original balance of

$12,067. The written off figure is greater than the amount the account could have owed based on the reported original balance and was reported without adequate substantiation.

16.Each of the foregoing errors is apparent from the face of Plaintiff's Equifax file because each involves a mathematical inconsistency, an internal contradiction, or a duplicate entry that a reasonable reinvestigation comparing the data fields within the file would have detected. The information was inaccurate within the meaning of the FCRA because it was either incorrect or misleading in such a way that it could be expected to adversely affect credit decisions concerning Plaintiff. The specific figures and account details alleged above are drawn from Plaintiff's Equifax consumer disclosure and the consumer reports Equifax prepared concerning Plaintiff.

## B. Plaintiff Disputed the Inaccurate Information in Writing.

17.On or about October 3, 2025, Plaintiff sent a written dispute to Equifax by United States Postal Service Certified Mail, bearing tracking number 9589 0710 5270 0364 4350 88, addressed to Equifax at P.O. Box 740256, Atlanta, Georgia 30374.

18.In that written dispute, Plaintiff identified the specific accounts and the specific inaccuracies described above and requested that Equifax investigate and correct or delete the disputed information.

19. The dispute was delivered to Equifax, and the certified mail tracking record maintained by the United States Postal Service confirms delivery. Equifax therefore received actual notice of Plaintiff's dispute.

20. In response, Equifax stated that the disputed items had been "verified" as accurate. Equifax did not correct or delete any of the disputed information, and it left the inaccurate, contradictory, and duplicate entries described above on Plaintiff's file unchanged.

21. Equifax could not have reasonably verified the disputed information as accurate, because the errors were apparent on the face of the file and a reasonable reinvestigation comparing the internal data fields would have revealed the mathematical impossibilities, the internal contradictions, and the duplicate entry. Equifax's purported verification was therefore not the product of a reasonable reinvestigation, but instead reflected an uncritical repetition of the information supplied by the furnishers without independent evaluation.

**C. Equifax Failed to Provide the Method of Verification.**

22. After receiving Equifax's response, and on or about November 2025, Plaintiff sent a second written request to Equifax by United States Postal Service Certified Mail, bearing tracking number 9589 0710 5270 2635 4444 40, addressed to Equifax Information Services at P.O. Box 740256, Atlanta, Georgia 30374.

23. In that second letter, Plaintiff requested that Equifax provide a description of the procedure used to determine the accuracy and completeness of the disputed information, including the business name, address, and telephone number of each furnisher Equifax contacted in connection with the reinvestigation, as required by 15 U.S.C. § 1681i(a)(6)(B)(iii) and 15 U.S.C. § 1681i(a)(7).

24. Under 15 U.S.C. § 1681i(a)(7), a consumer reporting agency must provide that description to the consumer not later than fifteen days after receiving the consumer's request.

25. Equifax did not provide the required description within fifteen days, and it has not provided it at any time since. Instead, Equifax again merely stated that the items had been "verified," without identifying the procedure used, without identifying the furnishers contacted, and without providing the business name, address, or telephone number of any furnisher.

26. Equifax's failure to provide the description deprived Plaintiff of information to which he was statutorily entitled and prevented Plaintiff from learning how, or whether, Equifax actually investigated his dispute.

**D. Equifax Acted Willfully or, in the Alternative, Negligently.**

27. Equifax is one of the three nationwide consumer reporting agencies in the United States and is a sophisticated entity that is familiar with its longstanding obligations under the FCRA.

28. Equifax knew that the FCRA required it to conduct a reasonable reinvestigation, to assure maximum possible accuracy, and to provide a description of its reinvestigation procedure upon request, yet it disregarded those known duties.

29. On information and belief, Equifax relies on automated dispute handling procedures that translate consumer disputes into brief codes and that did not include a meaningful, independent review of the disputed information or of the internal inconsistencies present in Plaintiff's own file. By relying on such procedures to report the disputed information as verified when that information was inaccurate on the face of the file, Equifax acted in reckless disregard of its statutory obligations and of Plaintiff's rights.

30. Equifax's conduct was willful within the meaning of 15 U.S.C. § 1681n because Equifax either knowingly violated the FCRA or acted in reckless disregard of its statutory duties. In the alternative, Equifax's conduct was negligent within the meaning of 15 U.S.C. § 1681o.

**E. Plaintiff Suffered Damages.**

31. As a direct and proximate result of Equifax's conduct, Plaintiff suffered actual damages, including damage to and suppression of his credit score, a reduced ability to obtain credit and an increased cost of any credit available to him, the continued publication of false and derogatory information to third parties, lost time and inconvenience in attempting to correct the inaccuracies, out of pocket expenses including the cost of certified mailings, and emotional distress, including anxiety, frustration, and aggravation.

32. Plaintiff is also entitled to statutory and punitive damages for Equifax's willful violations, and to costs and reasonable attorney fees.

## COUNT I

**Willful Failure to Conduct a Reasonable Reinvestigation**

**15 U.S.C. § 1681i(a)(1); 15 U.S.C. § 1681n**

33. Plaintiff incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34. Under 15 U.S.C. § 1681i(a)(1)(A), upon receiving notice of a dispute from a consumer regarding the completeness or accuracy of any item of information contained in the consumer's file, a consumer reporting agency must conduct a reasonable reinvestigation to determine whether the disputed information is

inaccurate and must record the current status of the disputed information or delete the item from the file.

35. Plaintiff disputed specific, identified items of inaccurate information in his October 3, 2025 written dispute, which Equifax received.

36. Equifax failed to conduct a reasonable reinvestigation. A reasonable reinvestigation would have detected the mathematical impossibilities, internal contradictions, and duplicate entry that were apparent on the face of Plaintiff's file, and would have resulted in correction or deletion of the disputed information. Instead, Equifax returned the items as "verified" without correction.

37. Equifax's failure was willful, as Equifax knowingly or recklessly disregarded its statutory duty to conduct a reasonable reinvestigation.

38. As a result, Plaintiff is entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 as provided by 15 U.S.C. § 1681n(a)(1)(A), punitive damages, and costs and reasonable attorney fees, under 15 U.S.C. § 1681n.

## COUNT II

**Negligent Failure to Conduct a Reasonable Reinvestigation**

**15 U.S.C. § 1681i(a)(1); 15 U.S.C. § 1681o**

39. Plaintiff incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40.In the alternative to Count I, Equifax negligently failed to conduct a reasonable reinvestigation of Plaintiff's disputes as required by 15 U.S.C. § 1681i(a)(1).

41.As a direct and proximate result of Equifax's negligent conduct, Plaintiff suffered actual damages as described above, and Plaintiff is entitled to actual damages and to costs and reasonable attorney fees under 15 U.S.C. § 1681o.

## COUNT III

### Willful Failure to Provide a Description of the Reinvestigation Procedure (Method of Verification)

### 15 U.S.C. § 1681i(a)(6) and (a)(7); 15 U.S.C. § 1681n

42.Plaintiff incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

43.Under 15 U.S.C. § 1681i(a)(6)(B)(iii) and 15 U.S.C. § 1681i(a)(7), upon a consumer's request a consumer reporting agency must provide a description of the procedure used to determine the accuracy and completeness of the disputed information, including the business name and address of any furnisher of information contacted and, if reasonably available, the telephone number of that furnisher, not later than fifteen days after receiving the request.

44.Plaintiff made that request in writing in his November 2025 certified letter, which Equifax received.

45. Equifax failed to provide the required description within fifteen days and has never provided it. Equifax instead repeated only that the items were "verified."

46. Equifax's failure was willful, as Equifax knowingly or recklessly disregarded its statutory duty to provide the description upon request.

47. As a result, Plaintiff is entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 as provided by 15 U.S.C. § 1681n(a)(1)(A), punitive damages, and costs and reasonable attorney fees, under 15 U.S.C. § 1681n.

## COUNT IV

### Willful Failure to Follow Reasonable Procedures to Assure

### Maximum Possible Accuracy

### 15 U.S.C. § 1681e(b); 15 U.S.C. § 1681n

48. Plaintiff incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49. Under 15 U.S.C. § 1681e(b), whenever a consumer reporting agency prepares a consumer report it must follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

50. Equifax prepared consumer reports concerning Plaintiff that contained the inaccurate, internally contradictory, and duplicate information described above.

51. Equifax failed to follow reasonable procedures to assure maximum possible accuracy. Reasonable procedures would have included internal data checks sufficient to detect a charge off amount that does not match the reported balance, a reported balance that exceeds an original loan amount, a written off amount that exceeds an original balance, a balance that exceeds a credit limit, and a single debt reported twice under the same account number.

52. Equifax's failure was willful, as Equifax knowingly or recklessly disregarded its statutory duty under 15 U.S.C. § 1681e(b).

53. As a result, Plaintiff is entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 as provided by 15 U.S.C. § 1681n(a)(1)(A), punitive damages, and costs and reasonable attorney fees, under 15 U.S.C. § 1681n.

## COUNT V

### Negligent Failure to Follow Reasonable Procedures to Assure

### Maximum Possible Accuracy

### 15 U.S.C. § 1681e(b); 15 U.S.C. § 1681o

54. Plaintiff incorporates by reference paragraphs 1 through 53 as though fully set forth herein.

55. In the alternative to Count IV, Equifax negligently failed to follow reasonable procedures to assure maximum possible accuracy of the information it reported about Plaintiff, in violation of 15 U.S.C. § 1681e(b).

56. As a direct and proximate result of Equifax's negligent conduct, Plaintiff suffered actual damages as described above, and Plaintiff is entitled to actual damages and to costs and reasonable attorney fees under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Equifax Information Services LLC, and grant the following relief:

a. Actual damages in an amount to be determined at trial, under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

b. Statutory damages of not less than $100 and not more than $1,000 as provided by 15 U.S.C. § 1681n(a)(1)(A);

c. Punitive damages in an amount to be determined at trial, under 15 U.S.C. § 1681n(a)(2);

d. Costs of this action together with reasonable attorney fees, under 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2);

e. Pre-judgment and post-judgment interest as permitted by law; and

f. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 15, 2026

Respectfully submitted,

Samuel J. Elias, Plaintiff Pro Se

14860 NE 16th Avenue

North Miami, Florida 33161

Email: Lucysam032@gmail.com